I must respectfully dissent from that part of the majority opinion that finds appellant's second assignment of error well-taken. I do not believe that the evidence before the trial court supports a finding that there is a question of fact as to whether DAE's acts constituted negligence in the fulfillment of its duty to appellant.
The evidence reveals that on the date that the door closer was installed, which was substantially prior to appellant's injury, DAE exercised ordinary care in performing the installation and did not leave the premises in a dangerous condition.
This conclusion is supported by the testing of the door closer after it was installed and the length of time that passed without any complaint by users of the door prior to appellant's injury. As to the testing of the door closer, although the installer did not calibrate the opening and closing of the door in the scientific manner that might be utilized by one with an engineering background which is suggested by the opinion, his testing of the door subsequent to the installation was reasonable and appropriate pursuant to his experience in the installation of door closers.
Therefore, I would find that the trial court properly granted the motion for summary judgment in favor of DAE, Inc., and affirm the judgment of the Lucas County Court of Common Pleas.